ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 1 9 2018

CLERK, U.S. DISTRICT COURT
By_____
Deputy

UNITED STATES OF AMERICA

v.                                                      Case No. 4:18-CR-137-Y

SERAFIN SANCHEZ RUIZ

## FACTUAL RESUME

### INDICTMENT

Count One – Enticement of a Minor, in violation of 18 U.S.C. § 2422(b).

Count Two – Possession of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §2252(a)(4)(B).

### PLEA:

Count One – Enticement of a Minor, in violation of 18 U.S.C. § 2422(b).

### PENALTY:

The minimum and maximum penalties the Court can impose on Count One include:

a.    imprisonment for a period not less than 10 years, and not more than life;

b.    a fine not to exceed $250,000;

c.    a term of supervised release of any term of years or life but not less than five years, which is mandatory under the law and will follow any term of imprisonment.  If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release and multiple revocations of supervised release may result in a term of imprisonment that exceeds the maximum term of supervised release;

d.    a mandatory special assessment of $100;



   e.   an additional mandatory special assessment of $5,000 must also be
        imposed pursuant to 18 U.S.C. § 3014 for offenses occurring on or
        after May 29, 2015, unless the Court finds the defendant to be
        indigent;

   f.   restitution to victims or to the community, which is mandatory under
        the law; and

   g.   costs of incarceration and supervision.

## ELEMENTS OF THE OFFENSE:

   To establish the offense alleged in Count One of the Indictment, the

government must prove the following elements beyond a reasonable doubt:

   First:      That the defendant knowingly attempted to persuade, induce, or
               entice an individual to engage in sexual activity;

   Second:     That the defendant used a facility or means of interstate commerce,
               that is, a cellular telephone or a computer connected to the Internet;

   Third:      That the defendant believed that such individual was less than 17
               years of age; and

   Fourth:     That, had the sexual activity actually occurred, the defendant could
               have been charged with a criminal offense under Texas state law,
               that is, a violation of Texas Penal Code Section 22.011(a)(2), Sexual
               Assault of a Child.

## STIPULATED FACTS:

   The stipulated facts that support the defendant's plea of guilty to Count One of the
Indictment are as follows:

   From on or about March 29, 2017, through on or about March 30, 2017, in the
Northern District of Texas, defendant **Serafin Sanchez Ruiz**, using facilities of interstate
commerce, that is a cellular phone and/or computer connected to the internet, did
knowingly attempt to persuade, induce, and entice an individual whom he believed was
under 17 years old, to engage in sexual activity for which a person can be criminally
charged under Texas state law, that is a violation of Texas Penal Code Section
22.011(a)(2), Sexual Assault of a Child.



Specifically, on or about March 29, 2017, **Serafin Sanchez Ruiz**, a 27-year-old male, contacted a 14-year-old female (MV) on the social media application, Whisper, using the screenname "Mr." During their conversations, MV told **Ruiz** that she was 14 years old. **Ruiz**, however, continued communicating with MV, and requested MV to give him her address. **Ruiz** eventually induced MV to sneak out of her house and meet him.

On or about March 30, 2017, **Ruiz** drove from his house in Desoto, Texas, to MV's house in Arlington, Texas, picked up MV, and then drove her back to his house. At **Ruiz's** residence, **Ruiz** and MV engaged in sexual intercourse. MV remained at **Ruiz's** residence for approximately three to four hours, then **Ruiz** drove MV back to her house in the early morning hours of March 31, 2017. **Ruiz** acknowledges that he picked up MV and drove her back to his house hoping to engage in sexual intercourse with her. The sexual intercourse that **Ruiz** intended to engage in, and did in fact engage in, with MV is a violation of Texas Penal Code § 22.011(a)(2).

MV's mother later discovered the incident and contacted the Arlington Police Department. In response, officers from Arlington Police Department assumed MV's online identity. On May 10, 2017, an Arlington Police Department officer acting in an undercover capacity (UCA), using MV's cellular phone and posing as MV on the Whisper application, contacted **Ruiz**. **Ruiz** quickly responded "I've been wanting to see you ever since that night :/ lol." Within 25 minutes of the UCA's initial message, **Ruiz** asked if he could meet MV again. The UCA and **Ruiz** then arranged to pick-up MV at her house after everyone went to sleep and return to his house. **Ruiz** asked for MV's address again and agreed to bring condoms.

On May 10, 2017, **Ruiz** arrived at MV's residence at the agreed time and was arrested. **Ruiz**, after receiving his *Miranda* warnings, was interviewed at the time of his arrest and again, at his request, after he was booked into jail. Ultimately, **Ruiz** admitted that he:

- contacted MV through the Whisper application;
- induced MV to give him her address;
- knew MV was 14 years old;
- had previously picked MV up from her home and drove her back to his house where he engaged in sexual intercourse with MV; and
- arrived at MV's residence on May 10, 2017, hoping to engage in sexual intercourse again with her.

To connect to the Whisper application, a user has to connect to the Internet. **Ruiz** acknowledges that the Internet and cellular phones are both means and facilities of interstate and foreign commerce.

AGREED AND STIPULATED on this ___15___ day of August 2018.

_____
Serafin Sanchez Ruiz
Defendant

_____
Michael Lowe
Counsel for Defendant

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment or both.

_____
Serafin Sanchez Ruiz
Defendant

____8/15/2018____
Date

I am the defendant's counsel. I have carefully reviewed every part of this Factual Resume with the defendant, including the notice that he is required to register as a sex offender. To my knowledge and belief, my client's decision to enter into this Factual Resume is an informed and voluntary one.

_____
Michael Lowe
Attorney for Defendant

____08/15/2018____
Date